NOT DESIGNATED FOR PUBLICATION

No. 128,944

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRILL EUGENE RUFFINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JASON R. LANE, judge. Submitted without oral argument. Opinion filed July 2, 2026. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM: Terrill Eugene Ruffins appeals his sentence, claiming the classification of his North Carolina conviction for breaking or entering as a person felony renders his sentence illegal. He argues the North Carolina statute is broader than K.S.A. 21-6811(e)(3)(B)(i)(h), as it does not require proof that he entered a residence, dwelling, or habitation. After review of the record, we agree with Ruffins. We therefore vacate his sentence and remand for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2022, Ruffins pled guilty to one count each of battery on a state correctional officer, attempted robbery, and criminal threat for actions occurring in January 2022. The presentence investigation report listed a criminal history score of C. Relevant to this appeal, Ruffins objected to the criminal history score, arguing a 2008 North Carolina conviction for breaking or entering was incorrectly classified as a person felony.

The district court overruled Ruffins' objection. The district court looked to the indictment in the North Carolina case to conclude that Ruffins was convicted of the specific portion of the North Carolina statute providing for entry into a dwelling. The district court placed Ruffins on probation for 36 months, with an underlying prison sentence of 80 months.

Ruffins subsequently stipulated to violating his probation. The district court revoked Ruffins' probation and ordered him to serve his underlying prison sentence.

Ruffins appeals.

ANALYSIS

"The court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). Further, "a defendant may raise an illegal-sentence claim for the first time on appeal, notwithstanding general rules of issue preservation." *State v. Steinert*, 317 Kan. 342, 351-52, 529 P.3d 778 (2023). We therefore consider the merits of Ruffins' claim.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Kelly*, 298 Kan. 965, 975, 318 P.3d 987 (2014). Likewise, a challenge to an offender's criminal history classification requires interpretation of the governing statute, which also presents a question of law subject to de novo review. *State v. Evans*, 322 Kan. 1, 3, 584 P.3d 646 (2026).

*Discussion*

"A sentence is illegal if it (1) is imposed by a court without jurisdiction, (2) fails to conform to the applicable statutory provisions, either in character or punishment, or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1)." *State v. Denney*, 321 Kan. 601, 606, 582 P.3d 544 (2026). Ruffins contends his sentence is illegal because the classification of his North Carolina conviction for breaking or entering as a person felony does not conform with the applicable statutory provision, namely K.S.A. 21-6811(e)(3)(B).

According to Ruffins, his North Carolina conviction under N.C. Gen. Stat. § 14-54(a) (2007) must be classified as a nonperson felony as the elements in the statute do not require proof of a circumstance listed in K.S.A. 21-6811(e)(3)(B)(i) or (ii). He advances two specific arguments. First, Ruffins claims the volitional "breaks or enters" element of N.C. Gen. Stat. § 14-54(a) does not meet the criteria of "entering or remaining within." See K.S.A. 21-6811(e)(3)(B)(i)(h). He next asserts that North Carolina's definition of "any building" is broader than "any residence, dwelling or habitation." See N.C. Gen. Stat. § 14-54(a); K.S.A. 21-6811(e)(3)(B)(i)(h).

3

The State counters that N.C. Gen. Stat. § 14-54(a) satisfies the elements in K.S.A. 21-6811(e)(3)(B)(i)(h) as the volitional "breaks or enters" element of the North Carolina statute is divisible. It further argues North Carolina narrowly defines the term "building" such that it is limited to a residence, dwelling, or habitation.

A.    *The Kansas framework for classifying a foreign conviction as a person or nonperson felony*

K.S.A. 21-6811(e)(3)(B) sets forth the elements-based test courts use to classify out-of-state felonies as person or nonperson offenses for criminal history purposes. The statute, in relevant part, provides:

> "(B) In designating a felony crime as person or nonperson, the felony crime shall be classified as follows:

> (i) An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:

> . . . .

> (h) entering or remaining within any residence, dwelling or habitation.

> (ii) An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a person felony if the elements of the out-of-state felony offense that resulted in the conviction or adjudication necessarily prove that a person was present during the commission of the offense. For purposes of this clause, the person present must be someone other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance. The presence of a person includes physical presence and presence by electronic or telephonic communication.

4

(iii) An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a nonperson felony if the elements of the offense do not require proof of any of the circumstances in subparagraph (B)(i) or (ii)." K.S.A. 21-6811(e)(3)(B)(i)(h), (ii), (iii).

In other words, if one of the enumerated "person-related" circumstances listed in K.S.A. 21-6811(e)(3)(B)(i) and (ii) is present in the elements of the out-of-state offense, the out-of-state felony conviction is classified as a person felony. *Evans*, 322 Kan. at 4-5. But if the elements do not require proof of any listed circumstance, the out-of-state felony conviction is classified as a nonperson felony. K.S.A. 21-6811(e)(3)(B)(iii); *Evans*, 322 Kan. at 5.

Before concluding the analysis, if the out-of-state statute does not require proof of a circumstance listed under K.S.A. 21-6811(e)(3)(B)(i) or (ii), we must determine whether the foreign statute is indivisible, i.e. contains a single version of the crime, or is divisible, i.e. includes multiple, alternative versions of the crime. See *State v. Daniels*, 319 Kan. 340, 344, 554 P.3d 629 (2024). If the out-of-state statute is indivisible, the analysis ends because the elements do not require proof of a circumstance in K.S.A. 21-6811(e)(3)(B)(i) or (ii). The offense is then classified as a nonperson felony. See *State v. Busch*, 317 Kan. 308, 313, 528 P.3d 560 (2023).

If, however, we determine the statute is divisible, we look to whether "at least one [version of the crime] contains a distinct element" enumerated in K.S.A. 21-6811(e)(3)(B)(i) or (ii). See *Daniels*, 319 Kan. at 344. If we find none of the versions of the foreign statute meet such criteria, the analysis ends and the out-of-state offense is classified as a nonperson felony.

Yet we continue the analysis if we find a version of the out-of-state statute satisfies K.S.A. 21-6811(e)(3)(B)(i) or (ii). See *Daniels*, 319 Kan. at 344. Only in this situation do we apply the "modified categorical approach" and look to "a limited class of documents" to determine whether the defendant's foreign conviction arose under the version of the statute that requires proof of an enumerated circumstance; if so, we classify the conviction as a person felony. *State v. Dickey*, 301 Kan. 1018, 1037-38, 350 P.3d 1054 (2015); see *Daniels*, 319 Kan. at 344-45.

B.    *Applying the framework to North Carolina's breaking or entering statute*

At the time of Ruffins committed the offense of breaking or entering, the North Carolina statute provided:

"(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

"(b) Any person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor.

"(c) As used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54 (2007).

Of the circumstances set forth in K.S.A. 21-6811(e)(3)(B), only subsection (i)(h)—"entering or remaining within any residence, dwelling or habitation"—potentially applies here. The threshold question is thus whether N.C. Gen. Stat. § 14-54(a) makes "residence, dwelling or habitation" an element. It does not.

The North Carolina statute criminalizes "break[ing] or enter[ing] *any building*" and defines "'building'" broadly to include, in relevant part, "any other structure designed to house or secure within it any activity or property." (Emphasis added.) N.C. Gen. Stat. § 14-54(a), (c). This definition permits conviction if a defendant breaks or enters into a wide range of structures, some of which may not be considered "residence[s], dwelling[s] or habitation[s]" in Kansas. See K.S.A. 21-6811(e)(3)(B)(i)(h). For example, North Carolina has upheld two convictions under N.C. Gen. Stat. § 14-54(a) after the defendants unlawfully entered a law office. *State v. Perkins*, 181 N.C. App. 209, 218, 683 S.E.2d 591 (2007); *State v. Brooks*, 178 N.C. App. 211, 215, 631 S.E.2d 54 (2006). In another example, North Carolina upheld a conviction under N.C. Gen. Stat. § 14-54(a) of a man who impermissibly entered a business after hours. *State v. Garcia*, 174 N.C. App. 498, 503, 621 S.E.2d 292 (2005).

The State relies on *State v. Gamble*, 56 N.C. App. 55, 58-59, 286 S.E.2d 804 (1982), for the proposition that the phrase "'any other structure'" in the statutory definition of building is restricted to dwellings, because the court ruled the phrase was restricted to "'things of the same kind, character, and nature of those specifically enumerated.'" However, the State's reliance on *Gamble* is misplaced. The *Gamble* court concluded that a "'fenced-in area'" did not meet the definition of "'building'" because a building must have a roof. 56 N.C. App. at 59. Importantly, the court did not conclude that the statutory definition for "'building'" was limited to residences, dwellings, or other inhabited structures.

Here, the North Carolina statute is broader than K.S.A. 21-6811(e)(3)(B)(i)(h), as the foreign statute does not require proof that the building was a "residence, dwelling or habitation." Unless the North Carolina statute is divisible, Ruffins' foreign conviction must be classified as a nonperson felony. See K.S.A. 21-6811(e)(3)(B)(iii); *Daniels*, 319 Kan. at 344.

7

In continuing the analysis, we next consider whether the locational element in N.C. Gen. Stat. § 14-54(a) is divisible. See *Daniels*, 319 Kan. at 344-45. The locational element of the North Carolina statute is "any building." The definition of "'building'" in N.C. Gen. Stat. § 14-54(c) does not provide alternative locational elements but sets forth alternative ways of satisfying the single locational element. See *State v. Fahnert*, 54 Kan. App. 2d 45, 57-58, 396 P.3d 723 (2017). The locational element is therefore indivisible, as it contains only a single version of the crime.

N.C. Gen. Stat. § 14-54(a) does not require proof that the location was a residence, dwelling, or habitation. Instead, the foreign statute permits conviction upon proof the defendant feloniously entered any structure with at least one wall and a roof, including commercial buildings. *Gamble*, 56 N.C. App. at 59. Thus, as N.C. Gen. Stat. § 14-54(a) is broader than K.S.A. 21-6811(e)(3)(B)(i)(h), Ruffins' foreign conviction cannot be classified as a person felony.

The State argues that "breaking or entering" in the North Carolina statute indicates divisibility under *State v. Myrick*, 306 N.C. 110, 114, 291 S.E.2d 577 (1982). The *Myrick* court examined N.C. Gen. Stat. § 14-54(a) and concluded that "[t]he state need not show both a breaking and an entering" as the statute contains disjunctive language. 306 N.C. at 114. Although the State correctly assesses *Myrick*, the case does not change that the statute broadly defines "building." See N.C. Gen. Stat. § 14-54(c). Thus, *Myrick* is not dispositive here as N.C. Gen. Stat. § 14-54 is indivisible and overbroad in the locational element.

CONCLUSION

As to its locational element, N.C. Gen. Stat. § 14-54(a) is indivisible. Therefore, the district court erred in applying the modified categorical approach and looking to the indictment to determine whether Ruffins violated a version of the North Carolina statute

that required entry into a dwelling. See *Dickey*, 301 Kan. at 1037-38. Instead, the elements of the out-of-state statute, N.C. Gen. Stat. § 14-54(a), do not require proof that an offender "enter[ed] or remain[ed] within any residence, dwelling or habitation." As such, Ruffins' North Carolina conviction for breaking or entering must be classified as a nonperson felony under K.S.A. 21-6811(e)(3)(B)(iii).

We vacate Ruffins' sentence and remand the case to the district court to reclassify his 2008 North Carolina conviction for breaking or entering as a nonperson felony and to resentence Ruffins accordingly.

Sentence vacated and case remanded with directions.